IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND YOUNG, | ) | CIVIL NO. 08-00171 JMS-KSC |
| | ) | |
|     Plaintiff, | ) | REPORT OF SPECIAL MASTER |
| | ) | RECOMMENDING THAT |
|     vs. | ) | DEFENDANTS' MOTION FOR |
| | ) | ATTORNEYS' FEES AND |
| GEICO INDEMNITY COMPANY; | ) | RELATED NON-TAXABLE |
| GEICO GENERAL INSURANCE | ) | EXPENSES BE GRANTED |
| COMPANY; GEICO CASUALTY | ) | |
| COMPANY; GOVERNMENT | ) | |
| EMPLOYEES INSURANCE | ) | |
| COMPANY; BERKSHIRE HATHAWAY | ) | |
| INC.; OLZA M. "TONY" | ) | |
| NICELY; WARREN E. BUFFET, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND
<u>RELATED NON-TAXABLE EXPENSES BE GRANTED</u>

      Before the Court, pursuant to a referral from

United States District Judge J. Michael Seabright, is

Defendants GEICO Indemnity Company, GEICO General

Insurance Company, GEICO Casualty Company, Government

Employees Insurance Company, Berkshire Hathaway Inc.,

Olza M. "Tony" Nicely and Warren Buffett's

(collectively "Defendants") Motion for Award of

Attorneys' Fees and Related Non-Taxable Expenses[1]

("Motion"), filed May 4, 2009.  On May 18, 2009,

Defendants filed a Statement of Consultation.

On June 25, 2009, the Court ordered the parties

to submit supplemental briefing regarding the

appropriateness of awarding fees and costs against a

pro se party under Hawaii Revised Statutes ("HRS") §§

607-14 and 607-14.5.  Plaintiff and Defendants

submitted briefing on July 10, 2009.  On July 14, 2009,

Defendants filed a Reply Memorandum.[2]

---

[1]   Although Defendants' Motion title includes
expenses, Defendants' request is limited to attorneys'
fees.

[2]   To the extent Plaintiff's supplemental
memorandum is a general opposition to the Motion, it is
untimely.  See Local Rule 54.3 (requiring that a
responsive memorandum be filed within eleven (11) days
after service of the statement of consultation).
Because Defendants timely filed their Statement of
Consultation on May 18, 2009, Plaintiff's responsive
memorandum/opposition should have been filed by May 29,
2009.  In light of the fact that Plaintiff failed to
timely file an opposition, Defendants should not have
filed a Reply on July 14, 2009.  However, the Court
understands that the primary purpose of the Reply was
to contest Plaintiff's use of the supplemental
memorandum to generally oppose the Motion.  The Court
shall not consider the untimely filings in making is
determination.  That said, even if the arguments
therein were considered, the Court's recommendation
would not differ.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After carefully reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED for the reasons set forth below.

<u>BACKGROUND</u>

This action arises as a result of Defendant GEICO Indemnity's decision not to renew a motor vehicle insurance policy issued to Plaintiff and Plaintiff's son, and Defendant GEICO Casualty's offer to issue a new policy at a much higher premium.  Plaintiff filed a Complaint on April 17, 2009, alleging beach of contract (Count I); false advertising (Count II); racial discrimination in a contractual relationship in violation of 42 U.S.C. § 1981 (Count III), unjust enrichment (Count IV); breach of duty of good faith and fair dealing in the contractual relationship (Count V); and intentional infliction of emotional distress (Count

VI).  In addition, Plaintiff sought an injunction prohibiting Defendants from continuing to breach the contract (Count VII).

On June 30, 2008, Judge Seabright issued an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Dismissal Order").  By way of this Order, he dismissed Defendants GEICO General Insurance Company, Government Employees Insurance Company, Berkshire Hathaway, Inc., Warren E. Buffet, and Olza M. "Tony" Nicely from this action for lack of personal jurisdiction.  Judge Seabright also dismissed Plaintiff's unjust enrichment and false advertising claims.

On April 20, 2009, Judge Seabright entered an Order Granting Defendants GEICO Indemnity Company and GEICO Casualty Company's Motion for Summary Judgment ("SJ Order"), concluding as follows: 1) breach of contract and the filed rate doctrine (Count I) - Defendants made the GEICO Casualty offer correctly under their Rating Plan; 2) § 1981 claims (Count III) - Defendants treated Plaintiff the same as all others,

having offered a policy with rates charged in accordance with the Rating Plan and Plaintiff failed to offer any evidence that Defendants treated him differently because of his Chinese ancestry; 3) breach of duty of good faith and fair dealing (Count V) - Defendants did not deprive Plaintiff of the benefits of the insurance policy and in fact, Plaintiff received the benefit of GEICO Indemnity's apparent error in calculating the premium for the policy; 4) IIED (Count VI) - Plaintiff failed to present any evidence that Defendants acted outrageously or took action that actually caused Plaintiff extreme emotional distress; and 5) injunctive relief (Count VII) - Plaintiff is not entitled to injunctive relief given the dismissal of all of his claims.

The Clerk entered judgment in favor of Defendants on April 20, 2009.

Defendants timely filed this Motion on May 4, 2009. See Fed. R. Civ. P. 54(d)(2) (requiring that a motion for attorneys' fees be filed "no later than 14 days after the entry of judgment"); Local Rule 54.3(a)

(same).


<u>DISCUSSION</u>

A.   <u>Entitlement to Attorneys' Fees</u>

Defendants argue that they are entitled to an award of attorneys' fees pursuant to Hawaii Revised Statutes ("HRS") §§ 607-14.5 and 607-14 as the prevailing parties in this action.  A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  <u>See</u> <u>Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001).  Under Hawai'i law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  <u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

1.   <u>Hawaii Revised Statutes § 607-14.5</u>

Section 607-14.5 authorizes the award of attorneys' fees in cases involving frivolous claims.

6

It provides:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).[3]

---

[3] Subsection (b) provides:

> In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

Haw. Rev. Stat. § 607-14.5(b).

Haw. Rev. Stat. § 607-14.5(a).  A "frivolous" claim is one that is "'so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'"  <u>Canalez v. Bob's Appliance Serv. Ctr., Inc.</u>, 89 Hawai'i 292, 300, 972 P.2d 297, 303 (1999) (quoting <u>Coll v. McCarthy</u>, 72 Hawai'i 20, 29, 804 P.2d 881, 887 (1991)).

Defendants argue that because Plaintiff's claims were patently and manifestly frivolous, they are entitled to attorneys' fees.  Initial impressions aside, a close examination of the record does not support Defendants' argument.  Although Judge Seabright disposed of all of Plaintiff's claims in the Dismissal and SJ Orders and generally determined that Plaintiff's claims were not supported by the law and facts in the action, at no point has he made a finding in writing that Plaintiff's claims were frivolous.  HRS § 607-14.5(b) mandates that the court "find in writing that all or a portion of the claims . . . made by the party

---

are frivolous and are not reasonably supported by the facts and the law in the civil action." Haw. Rev. Stat. § 607-14.5(b). Absent a written finding by Judge Seabright that Plaintiff's claims were frivolous, as defined by Hawaii case law, the Court is unable to recommend an award of attorneys' fees under HRS § 607-14.5. This Court, in its capacity as Special Master, was not involved with the dispositive motions and cannot speak to the merits of Plaintiff's claims. It would be inappropriate for this Court to make a finding of frivolousness when Judge Seabright, who had the opportunity to carefully assess the merits of the claims, did not do so. For these reasons, the Court must decline to recommend an award of fees under HRS § 607-14.5.

   2.   Hawaii Revised Statutes § 607-14

        Defendants additionally seek attorneys' fees under HRS § 607-14, which governs the award of fees for actions/claims in the nature of assumpsit. Section 607-14 states, in pertinent part:

        In all the courts, in all actions in the

9

nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  See Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001).

a.  <u>Prevailing Party</u>

Section 607-14 states that reasonable attorneys' fee shall be taxed in favor of the prevailing party and against the losing party in an

action in the nature of assumpsit.  The Hawaii courts have noted that "'[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. . . .'"  MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); see also Village Park Cmty. Ass'n v. Nishimura, 108 Hawai'i 487, 503, 122 P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted). Thus, under Hawaii law, in order to be deemed the prevailing party for the purposes of § 607-14, Defendants must have obtained final judgment in their favor.  Insofar as the Court entered final judgment in Defendants' favor and against Plaintiff with respect to all claims, Defendants are the prevailing parties.

     b.   <u>Nature of the Claims</u>

     The Court's next inquiry is whether the claims are in the nature of assumpsit.  "Assumpsit is a common law form of action which allows for the recovery of

damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999).  "'[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'"  S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994).  It is well-established that "[w]hen there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit

12

is in assumpsit." <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 919 (9th Cir. 2003) (quoting <u>Leslie v. Estate of Tavares</u>, 93 Hawai'i 1, 6, 994 P.2d 1047, 1052 (2000) (citing <u>Healy-Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc.</u>, 673 F.2d 284, 286 (9th Cir. 1982))); <u>see also</u> <u>Helfand</u>, 105 F.3d at 537.

Although the Court looks to the substance of the entire pleading, it must also "determine whether each individual claim alleged in a complaint sounds in assumpsit or tort." <u>Kona Enters. v. Estate of Bernice Pauahi Bishop</u>, 229 F.3d 877, 885 (9th Cir. 2000). Defendants assert that Counts I, V, and VII are all based on the alleged breach of duty arising from a contract and are therefore clearly in the nature of assumpsit. It is Defendants' position that the remaining claims also sound in assumpsit because the alleged breach of contract served as the basis for those claims as well. The Court assesses each claim in turn.

i.  <u>Breach of Contract</u>

In the present case, the Court finds that

13

Plaintiff's breach of contract claim is clearly in the nature of assumpsit.  <u>Murakami</u>, 111 Hawai'i at 366, 141 P.3d at 1013; <u>Helfand</u>, 105 F.3d at 537.  Here, Defendants' alleged breach of the motor vehicle insurance policy by increasing the premium was the basis of the breach of contract claim.  Accordingly, the breach of contract claim is in the nature of assumpsit.

ii.  <u>False Advertising</u>

False advertising sounds in tort and is therefore not in the nature of assumpsit.  <u>Cf. Zanakis-Pico v. Cutter Dodge, Inc.</u>, 98 Hawai'i 309, 320, 47 P.3d 1222, 1233 n.21 (2002) (emphasis added) ("There is no <u>tort</u> of 'false advertising' under Hawai'i law, and we decline to establish one in this appeal.").

iii.  <u>42 U.S.C. § 1981</u>[4]

---

[4]  Section 1988 of Title 42 of the U.S. Code governs the award of attorneys' fees in § 1981 actions. It provides:  "In any action or proceeding to enforce a provision of sections 1981 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  The Court's authority to award attorneys'

Like false advertising, Plaintiff's § 1981 claim sounds in tort.

### iv. <u>Unjust Enrichment</u>

Contrastingly, Plaintiff's unjust enrichment claim is in the nature of assumpsit. <u>See</u> <u>Hong v. Kong</u>, 5 Haw. App. 174, 182, 683 P.2d 833, 841 (1984) (citations omitted) ("From its inception as a form of action for breach of simple contract, assumpsit also evolved as 'a vehicle for recovery in quasi contract,'

---

fees to a prevailing defendant under § 1988 is limited to cases where the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 832 (9th Cir. 1995) (quoting <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1402 (9th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1000 (1994)) (quotations omitted).  The Court has already determined that Plaintiff's action did not rise to the level of "frivolous."  However, because Plaintiff's § 1981 claim was only one of seven claims and was not the focus of this litigation, the Court will not deny fees on this basis.  As the Court discusses in section A.2.c., it is impossible to apportion fees between the assumpsit and non-assumpsit claims.  It is likewise impossible to separate and apportion fees between the § 1981 claim and the other six claims.  Consequently, the fee award recommended by the Court will not be affected by this federal claim.

basically 'to deprive the defendant of an unjust

enrichment.'  Indeed, 'assumpsit will lie upon a

promise implied by law, which arises to prevent one man

from being inequitably enriched at another's

expense.'"); <u>Pung v. TrustStreet Properties, Inc.</u>, CV.

No. 05-00618 DAE-KSC, 2007 WL 1310094 at *3 (D. Haw.

May 03, 2007).

> v.   <u>Breach of Duty of Good Faith and Fair</u>
> <u>Dealing in the Contractual</u>
> <u>Relationship</u>

Defendants argue that Plaintiff's breach of

duty of good faith and fair dealing in the contractual

relationship claim is in the nature of assumpsit

because the alleged breach of Defendants' duties arises

directly out of the contract itself.  The Court

disagrees.  In <u>Enoka v. AIG Hawaii Insurance Co., Inc.</u>,

109 Hawai'i 537, 128 P.3d 850 (2006), the Hawaii

Supreme Court explained that "there is a legal duty,

implied in a first- and third-party insurance contract,

that the insurer must act in good faith in dealing with

its insured, and a breach of that duty of good faith

gives rise to an independent *tort* cause of action."

Id. at 549, 128 P.3d at 862 (emphasis added) (quoting

Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawai'i 120,

132, 920 P.2d 334, 346 (1996)).  Of significance to

this case, the Hawaii Supreme Court further stated that

"*the tort of bad faith* [i.e., breach of the implied

covenant of good faith and fair dealing] is not a

tortious breach of contract, but rather *a separate and

distinct wrong which results from the breach of a duty

imposed as a consequence of the relationship

established by contract*."  Id. (quoting Best Place, 82

Hawai'i at 131, 920 P.2d at 345).  As a separate and

distinct wrong, "the tort of bad faith allows an

insured to recover *even if the insurer performs the

express covenant to pay claims*."  Id. (emphasis added)

(quoting Best Place, 82 Hawai'i at 131, 920 P.2d at

345).

        Based on this reasoning, the tort of bad faith

would not sound in assumpsit, as it does not require a

breach or non-performance of contractual obligations.

Accordingly, the Court finds that Plaintiff's breach of

duty of good faith and fair dealing claim is not in the

17

nature of assumpsit.

                  vi.  <u>IIED</u>

      Plaintiff's IIED claim is a tort.  <u>Young v.</u>
<u>Allstate Ins. Co.</u>, 119 Haw. 403, 425, 198 P.3d 666, 688
(2008) ("The tort of IIED is well-accepted.").  As
such, it is not an assumpsit claim.

              vii.    <u>Injunction</u>

      Finally, Plaintiff's request for an injunction
is not an assumpsit claim.  <u>DeMund v. Lum</u>, 5 Haw. App.
336, 345, 690 P.2d 1316, 1323 (1984) ("[T]his action is
not in the nature of assumpsit, but is simply for an
injunction.").

          c.  <u>Apportionment of Fees Between Assumpsit</u>
              <u>and Non-assumpsit Claims</u>

      Having concluded that Counts I and IV are in
the nature of assumpsit and Counts II, III, V, VI, and
VII are not in the nature of assumpsit, the Court must
now determine whether it is practicable to apportion
the award of attorneys' fees between the assumpsit and
non-assumpsit claims.  <u>TSA</u>, 92 Hawai'i at 264, 990 P.2d
at 734 (citation omitted); <u>Kona Enters.</u>, 229 F.3d at

885.  In some cases it may be impracticable or impossible to apportion fees.  See, e.g., Blair, 96 Hawai'i at 333, 31 P.3d at 190 ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims.").  Thus, under Blair v. Ing, a court may award reasonable attorneys' fees pursuant to HRS § 607-14 to a party who succeeds on a contract claim that is "inextricably linked" to a tort claim, and decline to apportion fees.  Id.

Despite the fact the five out of the seven claims sound in tort or otherwise, the Court cannot practicably apportion between the assumpsit and non-assumpsit claims.  Insofar as the non-assumpsit claims arose from the alleged breach of contract, the assumpsit and non-assumpsit claims are inextricably

19

intertwined.[5]  Furthermore, even after a careful review

of counsel's detailed billings, the Court is unable to

apportion the fees incurred as a result of the breach

of contract and unjust enrichment claims from the non-

assumpsit claims.  Consequently, the Court declines to

apportion the fees between the assumpsit and non-

assumpsit claims.[6]

B.   Calculation of Fees

     The Court shall now assess the reasonableness

of the $27,004.50 in fees requested by Defendants.

---

[5]  A review of the Complaint indicates that all of
the claims arise out of the breach of contract that
allegedly occurred when Defendant GEICO Indemnity
declined to renew the insurance policy and GEICO
Casualty offered a policy at a higher premium.

[6]  This result is also equitable given Plaintiff's
failure to timely respond to or oppose the Motion.  It
is Plaintiff's burden to show that his claims are not
in the nature of assumpsit.  Kona Enters., 229 F.3d at
885.  Ordinarily, the Court would be disinclined to tax
attorneys' fees against a *pro se* plaintiff.  However,
Plaintiff is not unfamiliar with the legal system.  He
has filed at least 13 lawsuits (including this one) in
federal court, dating back to 1998.  Because neither §
607-14 nor Hawaii case law concerning § 607-14 prohibit
the taxation of attorneys' fees against a *pro se*
litigant, the Court finds that Plaintiff's *pro se*
status does not shield him from bearing responsibility
for the fees reasonably incurred by Defendants in this
action.

Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 110 Hawai'i 217, 222, 131 P.3d 500, 505 (2006).  The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 222-23, 131 P.3d at 505-06.  In addition, Hawaii courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i, 106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).  These factors, however, are merely guides; courts need not consider them in every case.  See id.  In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i, 92 Hawai'i 432, 442, 992 P.2d 127, 137 (2000).

    1.   Reasonable Hourly Rate

       Defendants request the following hourly rates: 1) J. Patrick Gallagher - $135; 2) Leah M. Reyes - $135; and 3) Erin I. Macdonald - $120.  The Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Hawai'i Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist.

22

Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Hawai'i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); see also Chun, 106 Hawai'i at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services" as a factor that may be considered).  It is the burden of the fee applicant to produce satisfactory evidence, in

23

addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Mr. Gallagher has been a member of the Hawaii Bar since 1983.  See Mot., Aff. of J. Patrick Gallagher ("Gallagher Aff.") at ¶ 3.  Mr. Gallagher represents that the rates charged to Defendants are below his "usual and customary fee for like work and is at or below the range of prevailing rates in the community for attorneys with comparable skill and experience." Id.  Ms. Reyes and Ms. Macdonald have been licensed in this state since 2000 and 2008, respectively.  Id. at ¶ 4, 5.

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity

24

with this case, and defense counsel's submissions, this Court finds that Mr. Gallagher's $135 hourly rate; Ms. Reyes' $135 hourly rate; and Ms. Macdonald's $120 hourly rate are manifestly reasonable, and in the case of Mr. Gallagher, even well below the rates charged by attorneys with similar experience in the community.

        2.   Reasonable Hours Spent

        For the reasoning stated in Section B.1, this Court finds federal case instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and

necessarily incurred).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See</u> <u>Tirona</u>, 821 F. Supp. at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484 U.S. 927 (1987)).  Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

Defendants indicate that their counsel expended the following hours litigating this action: 1) Mr. Gallagher - 35.8 hours; 2) Ms. Reyes - 94.9 hours; and 3) Ms. Macdonald - 78 hours.  After careful review of counsel's detailed billing summary, the Court finds that the hours expended are largely reasonable.  However, some reductions are appropriate.  In

particular, the Court finds that the following two time entries are not reasonable:  1/21/09 LMR "Telephone call with Judge Chang's courtroom manager re: settlement conference"; and 2) 1/27/09 LMR "Telephone call with Judge Chang's courtroom manager re: settlement conference."  See Mot., Ex. B.  Ms. Reyes expended 0.3 hours on these tasks.  These communications are clerical in nature.  Work that is clerical in nature should be subsumed in a law firm's overhead and is not compensable in a motion for attorneys' fees.  As such, the Court recommends that 0.3 hours be subtracted from the 94.9 hours Ms. Reyes expended.

Other than the foregoing reductions, the Court finds that the hours incurred by defense counsel were reasonable.  Consequently, the total hours reasonably expended by defense counsel are as follows:  1) Mr. Gallagher - 35.8 hours; 2) Ms. Reyes - 94.6 hours; and 3) Ms. Macdonald - 78 hours.

3.   Total Fee Award

Based on the hours expended by defense counsel

and multiplied by their respective hourly rates, the Court hereby finds that attorneys' fees in the amount of $26,964.00 are reasonable.   However, as prescribed by HRS § 607-14, the Court must ensure that this amount does not exceed 25% of the amount sued for.   Haw. Rev. Stat. § 607-14 ("The above fees provided for by this section shall be assessed . . . upon the amount sued for if the defendant obtains judgment.").   Plaintiff prayed for compensatory damages totaling $500,000.00[7] and punitive damages totaling $5,000,000.00.   Even if the Court uses the minimum $500,000.00 amount to calculate the 25% limitation, Defendants would be able to recover up to $125,000.00 in fees.   Accordingly, the entire $26,964.00 in reasonable fees is recoverable.

<u>CONCLUSION</u>

Based on the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendants GEICO Indemnity Company, GEICO General Insurance

---

[7]   Based on the wording in his prayer for damages, it is unclear whether Plaintiff sought $500,000.00 in compensatory damages per count or in total.

Company, GEICO Casualty Company, Government Employees Insurance Company, Berkshire Hathaway Inc., Olza M. "Tony" Nicely and Warren Buffett's Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses, filed May 4, 2009, be GRANTED and that Defendants be awarded $26,964.00 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 29, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

YOUNG V. GEICO INDEMNITY COMPANY, ET AL.; CV 08-00171 JMS-KSC; REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES BE GRANTED

29